Case 4:23-cv-03018   Document 163   Filed on 12/12/24 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
December 12, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEANA TAYLOR, | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:23-cv-3018 |
| | § | |
| OFFERSPDQ, LLC, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

# ORDER

Pending before this Court is Kateryna Titenko's ("Defendant") Rule 12(b)(6) Motion to Dismiss. (Doc. No. 111). Keana Taylor ("Plaintiff") responded in opposition. (Doc. No. 127). Defendant did not file a reply, making the motion ripe for ruling. Having considered the motion and the relevant pleadings, the Court **GRANTS IN PART** and **DENIES IN PART** the motion. (Doc. No. 111).

## I. Background

Plaintiff has filed this suit against over 70 callers from various phone numbers alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and Texas Business Commercial Code § 302.101 for solicitation texts and calls. (Doc. No. 1). Attached to and incorporated into her Complaint is Schedule A, which lays out the originating phone numbers, types, contends, and dates of various telemarketing communications that form the basis of her claims. (Doc. No. 1-2).

Due to the anonymity of the callers, Plaintiff sought leave to take early discovery prior to a Rule 26(f) conference, (Doc. No. 6), which this Court granted, (Doc. No. 16). Using the fruits of that discovery, Plaintiff identified Defendant as the "Caller from 844-986-3500 AKA Kateryna

Titenko" and served her. (Doc. No. 89, 90, and 100). Now, Defendant moves to dismiss Plaintiff's claims against her for failing to state a claim for which relief can be granted. (Doc. No. 111).

## II.  Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III.   Analysis

Defendant moves to dismiss Plaintiff's claims against her for four reasons. Regarding the federal TCPA claims, Defendant argues that (1) Plaintiff failed to plead that Defendant used an automatic telephone dialing system and (2) Plaintiff consented to the communication. (Doc. No. 111 at 4–5). Regarding the state-law claim, Defendant argues that (1) the communication was a text, not a call, and thus, the statute does not apply and (2) the text only solicited Plaintiff to *sell* her property, not *buy* Defendant's property—putting it outside the bounds of the statute. (*Id.* at 5–6). These are taken in turn.

#### A. The Telephone Consumer Protection Act

The Telephone Consumer Protection Act ("TCPA") makes it—

> unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> (A) to make any call (other than a call . . . made with the prior express consent of the called party) using any automatic telephone dialing system ["ATDS"] or an artificial or prerecorded voice—
> (iii) to any telephone number assigned to a . . . cellular telephone service . . . .

47 U.S.C. § 227(b)(1)(A)(iii) (the "ATDS provision"). To qualify as an "automatic telephone dialing system," "a device must have the capacity either to store a telephone number using a random sequential generator or to produce a telephone number using a random or sequential number generator." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 398 (2021).

The regulations promulgated under TCPA also make it unlawful to "initiate any telephone solicitation to: (2) [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2) (the "DNC provision"). Under both the ATDS provision and the DNC provision, prior express consent are valid defenses against liability. *See* 47 U.S.C. § 227(b)(1)(A); 47 C.F.R. § 64.1200(c)(2)(ii).

3

Defendant first argues that Plaintiff did not plead that Defendant used an automatic telephone dialing system. That is incorrect. Plaintiff's Complaint states:

> On each occasion in which Plaintiff received a telephone call, Plaintiff answered the call, said "Hello," and then heard either a lengthy pause or delay and/or a pre-recorded voice before anyone came on the line, *indicating to her that the call was made using an autodial a/k/a an "ATDS."*
>
> In certain cases involving calls or text messages, Plaintiff was prompted to take an action or press a button to "unsubscribe" or be taken off calling lists . . . *These features also indicate that the call or text message was made using an ATDS.*[1]
>
> . . .
>
> Upon information and belief, *each of the phone calls and text messages that Plaintiff received were sent using an ATDS* . . . .

(Doc. No. 1 at 6) (emphasis added). Therefore, Plaintiff has sufficiently pleaded that Defendant's communication was made or sent via an ATDS.

Second, Defendant argues that Plaintiff consented to the communication. Defendant points to the Houston Association of Realtors website, where there is an "About Keana Taylor" section, inviting people to "[c]ontact Keana Taylor if you are in the process of buying, selling or renting a property." (Doc. No. 111 at 2). In a Rule 12(b)(6) motion-to-dismiss context, however, that extrinsic evidence has no bearing. At this stage, the Court must take Plaintiff's well-pleaded facts as true, and Plaintiff has pleaded that she did not consent: "The phone calls and text messages that Plaintiff received from one or more of the Defendants made solicitations which Plaintiff never required or consented to receive." (Doc. No. 1 at 7). As such, Defendant's motion to dismiss Plaintiff's TCPA claims are denied.

---

[1] Schedule A shows that the text messages from Defendant's number stated, "[t]ext STOP to end," (Doc. No. 1-2 at 6), which demonstrates that, when Plaintiff's Complaint is taken as true as it must, that text was made or sent using an ATDS.

4

### B. Texas Business and Commerce Code

Texas Business and Commerce Code states that "[a] seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate from the business location from which the telephone solicitation is made." TEX. BUS. & COMM. CODE § 302.101(a). "Telephone solicitation," in turn, is defined as "a telephone call a seller or salesperson initiates to induce a person to purchase, rent, claim, or receive an item." *Id.* at § 302.001(7).

Defendant argues that since Plaintiff's own Schedule A states that what she received was a text, not a call, Defendant's conduct does not violate the statute. (Doc. No. 111 at 6); *see also* (Doc. No. 1-2 at 6) (categorizing the communication as "Text"). Plaintiff, in response, states that "discovery may reveal that Ms. Titenko has made voice calls. Thus, the TBCC counts should not be dismissed as Titenko without Plaintiff having had the benefit of discovery." (Doc. No. 1 at 7).

Defendant is correct that text messages are not covered by the statute. *Pepper v. GVG Capital LLC*, No. H-22-2912, 2023 WL 205297, at *5 (S.D. Tex. Jan. 17, 2023) (Rosenthal, J.) ("The plain meaning of 'telephone call' [in § 302.001(7)] does not encompass text messages."); *see also Powers v. One Techs., LLC*, No. 3-21-cv-2091, 2022 WL 2992881, at *4 (N.D. Tex. Jul. 28, 2022) ("Under a plain reading of the Code, Chapter 302 does not apply to text messages."). Thus, as pleaded, Plaintiff's claim that Defendant's text message violated § 302.101 cannot survive this motion to dismiss.[2]

Plaintiff's response—that the Court should deny the motion to dismiss because discovery has not begun—fundamentally misunderstands the standard for and purpose of a 12(b)(6) motion to dismiss. Under Rule 12(b)(6), the Court solely reviews the sufficiency of the pleadings, not of

---

[2] Since the Court grants the Motion to Dismiss as to the state claim on this ground, it does not reach whether the content of the message would fall under § 302.101.

the evidence. Plaintiff's request to conduct discovery to survive Defendant's motion is, therefore, misguided. The Court grants Defendant's motion to dismiss as to the state claim.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is **DENIED** as to Plaintiff's TCPA claims and **GRANTED** as to her § 302.101 claim. (Doc. No. 111).

Signed on this 12th day of December 2024.

Andrew S. Hanen
United States District Judge