United States District Court
Southern District of Texas
**ENTERED**
April 01, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEANA TAYLOR, | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:23-cv-3018 |
| | § | |
| OFFERSPDQ, LLC, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before this Court is Caller From Telephone Number 346-655-0245's Motion for Leave to File Late Dispositive Motion. (Doc. No. 194). The Motion was filed by Ryan Kindle, the presumed namesake and possible member/owner of Kindle Enterprises, LLC. *See* (*id.*). Importantly, however, the proper defendant is Kindle Enterprises, LLC, not Ryan Kindle individually. *See* (Doc. No. 199-1) (showing a contract between Call Tools, Inc., a call-center software company that provided the phone number in question, and Kindle Enterprises, LLC); (Doc. No. 209 at 1) (Kindle's admission that the calls in question were "actions of a dissolved LLC," *i.e.*, Kindle Enterprises, LLC). *See also* (Doc. No. 199-3) (showing Kindle as the CEO of Kindle Enterprises, LLC, a "real estate solutions company"). *Cf.* (Doc. No. 96) (summons issued to "Caller from 346-655-0245 *AKA Kindle Enterprises LLC* AKA Ryan Kindle (emphasis added)).

Kindle is not an attorney; nor is he personally a defendant. Consequently, Kindle cannot represent his limited liability company in this Court and, therefore, cannot file a motion on its behalf without licensed counsel. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993). That "rationale for the rule applies equally to all artificial entities." *Id.* at 202. Accordingly, a limited liability company, an

artificial entity, may appear through and be represented only by a licensed attorney. Not only has the Supreme Court of the United States mandated this rule, *see id.*, but district courts in this Circuit have also uniformly followed it. *See, e.g., Chub Cay, LLC v. Bank OZK*, No. SA-22-CV-317-FB, 2024 WL 4746335, at *1 (W.D. Tex. June 11, 2024); *IntelliGender, LLC v. Soriano*, No. 2:10-cv-125-JRG, 2012 WL 1118820, at *2 (E.D. Tex. Apr. 3, 2012); *S.E.C. v. Thomas*, No. 3:13-cv-739-L, 2015 WL 568983, at *2 (N.D. Tex. Feb. 11, 2015); *Travis v. Hall Tires & Collection, LLC*, No. 3:23-cv-209-MPM-RP, 2023 WL 6055499, at *1 (N.D. Miss. Sept. 15, 2023); *Stewart v. Moncla Marine Operations, LLC*, No. 6:17-cv-1260, 2020 WL 12846704, at *1 (W.D. La. May 13, 2020).

This Court must follow the express dictates of the Supreme Court, and, therefore, joins the robust consensus of its sister courts and holds that Kindle may not represent or act for Kindle Enterprises, LLC, absent showing his admission into a state bar and into the bar of the Southern District of Texas. Accordingly, the Court **DENIES** Kindle's Motion for Leave to File Late Dispositive Motion. (Doc. No. 194). For Kindle Enterprises, LLC to defend itself in this suit, it must do so through licensed counsel, and it is instructed to hire a lawyer admitted in the District before proceeding further.

It is so ordered.

Signed on this the 31st day of March, 2025.

Andrew S. Hanen
United States District Judge