United States District Court
Southern District of Texas
ENTERED
October 01, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Keana Taylor, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 4:23-cv-3018 |
| | § | |
| OffersPDQ, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ON MOTIONS FOR DEFAULT JUDGMENT**

Before the Court are thirteen motions for default judgment. *See* Docs. 222–27, 229–30, 243–45, 263, 307. For the reasons set forth below, the Court GRANTS IN PART twelve of the motions, Docs. 222, 223, 224, 225, 227, 229, 230, 243[1], 244, 245, 263, 307, and DENIES the one remaining, Doc. 226. Where appropriate, default judgments will be entered separately.

## I. LEGAL STANDARD

"The role of a district court in adjudicating a motion for default judgment is limited." *Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022). By defaulting, a defendant admits a plaintiff's well-pleaded factual allegations, and courts must accept those facts as true. *Id.* at 492–93. Still, Federal Rule of Civil Procedure 55(b)(2) grants courts wide latitude and discretion to deny a motion for default judgment where the entry of judgment

[1] The Court also DENIES AS MOOT Plaintiff's previous motion for default judgment against this Defendant, Doc. 242, because she has since filed a "corrected" motion as Doc. 243.

is not procedurally warranted or not supported on the merits. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993) (citing Fed. R. Civ. P. 55(b)(2)). Ultimately, default judgment is appropriate only if the pleadings provide a "sufficient basis" for the judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

## II. ANALYSIS

Here, in all thirteen motions, Plaintiff seeks default judgments that aggregate relief afforded under federal and state law: statutory penalties under 47 U.S.C. §§ 227(b)(3)(B) & (C) of the Telephone Consumer Protection Act ("TCPA"), statutory penalties under Texas Business & Commerce Code § 302.302(a), and recoverable costs under Texas Business & Commerce Code § 302.302(d).

In the Complaint, Plaintiff alleges independent violations of the TCPA under subsection 227(b)(1)(A)(iii)—for calls using an automatic telephone dialing system or artificial or prerecorded voice—and under subsection 227(c)—for contacting Plaintiff even though she is on the National Do Not Call Registry. *See* Doc. 1 ¶¶ 36–52. In all thirteen motions, however, she exclusively requests TCPA penalties under 47 U.S.C. §§ 227(b)(3)(B) & (C). *See, e.g.*, Doc. 222 ¶ 9. Those subdivisions only authorize a private right of action based on a violation of subsection (b). *See* 47 U.S.C. § 227(b)(3). Therefore, the Court need not address, nor award damages for, violations of subsection (c).[2] The Court

---

[2] Indeed, the TCPA also creates a private right of action to recover statutory penalties for violating subsection (c), but only if "a person . . . has received *more than one* telephone call within any 12-month period by or on behalf of the same entity." 47 U.S.C. § 227(c)(5) (emphasis added). In six

instead construes Plaintiff's motions as demanding a treble damages award of $1,500 per communication under subsection (b).

As to Plaintiff's treble damages request, subsection (b) grants courts discretion to levy up to three times the allotted $500 penalty per violation "[i]f the court finds that the defendant willfully or knowingly violated [the statute]." 47 U.S.C. § 227(b)(3). The Court acknowledges that scienter is exceedingly difficult to prove on a default motion, and the Court must accept Plaintiff's well-pleaded allegations as true. But here, the Complaint and motions for default are devoid of any facts suggesting that the relevant Defendants knew that Plaintiff had not consented to communications. *See* 47 U.S.C. § 227(b)(1)(A)(iii); Doc. 1. Given these omissions, the Court elects to award only the standard statutory penalty of $500 per violation.

In six of the motions, Plaintiff demands TCPA penalties even though those Defendants only contacted Plaintiff via text. *See* Docs. 223-1, 227-1, 230-1, 243, 244, 245. 47 U.S.C. § 227(b)(1)(A)(iii) renders it unlawful for a person "to make any *call* . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." Because the legislation was drafted before the advent of text messaging, and because the FCC has since issued guidance equating texts to phone calls, *see generally* 47 C.F.R. § 64.1200, most courts have found

---

of her motions, Plaintiff adduces evidence that those Defendants only contacted her once in the prior year. *See* Docs. 222-1, 223-1, 224-1, 225-1, 227-1, 307.

claims for telemarketing texts filed under Section 227 cognizable. *See Callier v. Am. Auto Grp. LLC*, 2026 U.S. Dist. LEXIS 120642, at *16 (W.D. Tex. May 29, 2026) (collecting cases); *Wilson v. Skopos Fin., LLC*, 2025 WL 2029274, at *4 (D. Or. July 21, 2025). Courts both before and after *Loper Bright* have relied heavily on FCC guidance when finding that related provisions of the statute cover text messages. *See Mujahid v. Newity, LLC*, 2025 WL 3140725, at *2–3 (N.D. Ill. Nov. 10, 2025); *Pariseau v. Built USA, LLC*, 619 F. Supp. 3d 1203, 1206–1207 (M.D. Fla. 2022); *Hudson v. Palm Beach Tan, Inc.*, 2024 WL 4190513, at *6–8 (M.D.N.C. Aug. 12, 2024), *Report and Recommendation adopted*, 2024 WL 4188310 (M.D.N.C. Sept. 13, 2024); *Williams v. Myler Disability, LLC*, 2020 WL 6693134, at *6 (W.D.N.C. Nov. 12, 2020). The First, Second, Ninth, and Eleventh Circuit have also held that text messages are phone calls for the purposes of the statute. *Breda v. Cellco P'ship*, 934 F.3d 1 (1st Cir. 2019); *Melito v. Experian Mktg. Sols., Inc.*, 923 F.3d 85 (2d Cir. 2019); *Hall v. Smosh Dot Com, Inc.*, 72 F.4th 983, 986 (9th Cir. 2023); *Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302 (11th Cir. 2015).

There is, however, another interpretation of the statute. District courts—bound by "ordinary principles of statutory interpretation"—"must independently determine" whether an agency's reading of a statute is correct. *McLaughlin Chiropractic Assocs. v. McKesson Corp.*, 606 U.S. 146, 155 (2025) (citing *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 402 (2024)). A court must "begin[] with the statute's plain language." *Davis v. United States*, 124 F.4th 980, 981 (5th Cir. 2025) (citing *Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009)). "[W]hen the statutory language is plain, [the court] must enforce it according

to its terms." *Id.* Here, the subsection's plain text proscribes telemarketing *calls*, not text messages, seemingly excluding text messages from the reach of TCPA. *See* 47 U.S.C. § 227(b)(1)(A)(iii); *Steidinger v. Blackstone Medical Services*, 182 F.4th 532, 537–40 (7th Cir. 2026). Further strengthening this interpretation is the fact that in 1991, neither Congress nor the American public would have understood the term "call" to capture a not-yet-invented non-auditory form of textual communication. Therefore, a textual reading of the statute would yield the conclusion that the TCPA does not include text messaging within its ambit.

Despite its conclusion that this latter interpretation hews more closely to the plain meaning of the text of the statute, this Court is nevertheless bound by Supreme Court precedent on the matter. For its part, the Supreme Court has unequivocally stated that "[a] text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of § 227(b)(1)(A)(iii)." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016). Although this statement predated the Court's departure from *Chevron* deference, the mere fact that the Supreme Court may have "relied on the *Chevron* framework" is "not enough to justify overruling a statutory precedent." *Loper Bright Enters.*, 603 U.S. at 412. Several courts in other circuits have read this statement as mere dicta, *see Steidinger*, 182 F.4th at 535–539, citing for support the Supreme Court's footnote in *Facebook, Inc. v. Duguid*, 592 U.S. 395, 400, n. 2 (2021). This approach views the footnote's statement that the Supreme Court is not "considering or resolving" whether text messages are phone calls under the TCPA in *Duguid* as proof that the *Campbell-Ewald* statement is "just an assumption" as

well. *See Steidinger*, 182 F.4th at 537. On this basis, the *Steidinger* court held that the issue of whether text messages are phone calls under the TCPA has never been "consider[ed] or resolv[ed]" by the Supreme Court. *Id.* at 537–538.

The *Duguid* footnote, however, does not contravene *Campbell*-Ewald's treatment of text messaging. Rather, the Supreme Court instead explains that it is "assum[ing]" that the TCPA prohibition extends to text messages "without considering or resolving that issue" because neither party disputed the issue. *Facebook, Inc. v. Duguid*, 592 U.S. 395, 400, n. 2 (2021). A footnote outlining the parties' posture regarding text messages under the TCPA does not controvert the seemingly authoritative statement the Supreme Court made in *Campbell-Ewald* that a text message "qualifies as a call." This Court is thus unwilling to read as mere dicta the Supreme Court's plain statement on this issue, just as it is equally reluctant to treat a comment on specific parties' arguments as a definitive reversal of the Supreme Court's position.

Unless and until the Supreme Court definitively revisits its conclusion in *Campbell-Ewald*, and in the absence of guidance from the Fifth Circuit Court of Appeals, this Court holds that 47 U.S.C. § 227(b)(1)(A)(iii) prescribes a private cause of action for telemarketing text message recipients. *See Campbell-Ewald Co.*, 577 U.S. at 156. Where Plaintiff seeks statutory penalties for text message communications, the Court awards damages under the TCPA. *See* Docs. 223-1, 227-1, 230-1, 243, 244, 245.

Conversely, the Court declines to award Plaintiff's demand for costs in those motions where Plaintiff does *not* seek damages under the Texas and Business Commercial

Code, Docs. 223, 227, 230, 243, 244, 245, but instead asks for $0.00 under Section 302.302(a).[3] This zero-dollar request concedes that Plaintiff is not entitled to relief under the chapter. *See* Docs. 223, 227, 230, 243, 244, 245.[4] Nevertheless, Plaintiff seeks costs from those Defendants under Section 302.302(d). *See* Docs. 223, 227, 230, 243, 244, 245. Costs are awarded to a prevailing party. *See* Fed. R. Civ. P. 54. Because Plaintiff concedes in these seven motions that she is not entitled to relief under Section 302, it follows that she cannot "recover all reasonable costs of prosecuting th[ose] action[s]." *See* Tex. Bus. & Com. Code § 302.302(d).

Finally, Plaintiff's Renewed Motion for Default Judgment Against Caller From Telephone Number 281-532-8750 must be denied in full. Doc. 226. In the declaration appended to the motion, Plaintiff says she is seeking "$6,000 pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C)" and an additional $522.70 based on a chart reflecting those costs. Doc. 226-1 ¶¶ 9, 12, 15. Plaintiff failed both to identify the number and type of communications involving this Defendant and to provide the referenced chart evidencing

---

[3] The Texas Business and Commercial Code prohibits a seller from engaging in even a single "telephone solicitation" if the seller lacks a registration certificate for the business. Tex. Bus. & Com. Code § 302.101. And the Texas legislature explicitly defined "telephone solicitation" to include "a transmission of a text or graphic message." Tex. Bus. & Com. Code § 302.001(7). Therefore, Plaintiff's demand for statutory penalties under Section 303.302(a) is proper on its face.

[4] The court notes that in Docs. 243, 244, and 245, Plaintiff initially indicates that she is entitled to $5,000.00 under the Texas Business & Commercial Code. But in each of those motions, Plaintiff later state that she is entitled to "$0.00" under 302.302(a). *Id.* The court holds Plaintiff to the latter representations.

her costs. *See generally id.* Because there is no evidentiary basis for the requested judgment, the Court DENIES this motion WITHOUT PREJUDICE.

To consolidate its findings, the Court has compiled a chart displaying the thirteen motions' resolutions. Where applicable, Plaintiff's requests are included in parentheses. The right-hand column lists the Court's award or finding—either that Plaintiff is entitled to default judgment for the reflected balance, or that the claim is dismissed.

| **Doc. #** | **TCPA Penalties** | **TBCC Penalties** | **TBCC Costs** | **Total or Result** |
|---|---|---|---|---|
| 222 | $500.00 ($1,500.00) | $5,000.00 | $522.70 | **$6,022.70** |
| 223 | $500 ($1,500.00) | $0 | $0 ($488.40) | **$500.00** |
| 224 | $500.00 ($1,500.00) | $5,000.00 | $593.70 | **$6,993.70** |
| 225 | $500.00 ($1,500.00) | $5,000.00 | $498.70 | **$5,998.70** |
| 226 | $0 ($6,000.00) | $0 | $0 ($522.70) | **DENIED** |
| 227 | $500 ($1,500.00) | $0 | $0 ($575.40) | **$500.00** |
| 229 | $4,500.00 ($13,500.00) | $45,000.00 | $489.90 | **$49,989.90** |
| 230 | $1,000 ($3,000.00) | $0 | $0 ($595.40) | **$1,000.00** |
| 243 | $2,000 ($6,000.00) | $0 | $0 ($595.30) | **$2,000.00** |
| 244 | $2,000 ($6,000.00) | $0 | $0 ($539.70) | **$2,000.00** |
| 245 | $1,500 ($4,500.00) | $0 | $0 ($690.00) | **$1,500.00** |
| 263 | $1,000.00 ($3,000.00) | $10,000.00 | $498.60 | **$11,498.60** |
| 307 | $0 ($1,500.00) | $5,000.00 | $1,022.25 | **$6,022.25** |

* * *

For the foregoing reasons, twelve of Plaintiff's motions for default judgment are GRANTED IN PART. *See* Docs. 222, 223, 224, 225, 227, 229, 230, 243, 244, 245, 263, 307. For those motions, default judgments will be entered separately. Plaintiff's Renewed Motion for Default Judgment Against Caller From Telephone Number 281-532-8750, Doc. 226, is DENIED WITHOUT PREJUDICE.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 30th of September, 2026.

Nicholas J. Ganjei
United States District Judge